UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE ANN CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>  Defendant. | No. 2:16-cv-02252-TLN-DB<br><br>**ORDER** |

This action involves an alleged breach of an insurance contract arising from a house fire. This matter is in the early stages of litigation with a First Amended Complaint filed on March 8, 2017, and an Answer filed on March 29, 2017. (ECF Nos. 27 & 28.)

On October 17, 2016, Defendant Horace Mann Insurance Company ("Defendant") filed a Motion for Partial Dismissal. (ECF No. 6.) On November 7, 2016, the Court issued an Order to Show Cause ("OSC") why Plaintiff Carrie Anne Clark ("Plainitff") should not be sanctioned in the amount of $250 for failing to file an opposition to Defendant's motion to dismiss. (ECF No. 12.) After hearing from Plaintiff's Counsel, Robin Coker ("Counsel"), the Court discharged the OSC and granted Plaintiff until November 23, 2016, to respond to Defendant's motion. Plaintiff again failed to meet the deadline and the Court issued another OSC in the amount of $250. (ECF No. 16.) The Court allowed Plaintiff until December 5, 2016, to file an apposition or statement of

| | |
|---|---|
| 1 | non-opposition.  Counsel wrote the Court explaining her health and family issues and the Court |
| 2 | discharged the OSC on December 6, 2016.  (ECF No. 19.)  Plaintiff was allowed one final |
| 3 | opportunity to file an opposition before December 29, 2016.  On December 29, 2016, Plaintiff |
| 4 | finally filed a statement of non-opposition.  (ECF No. 20.) |
| 5 | On January 5, 2017, the Court granted Defendant's motion for partial dismissal and |
| 6 | allowed Plaintiff 30 days to file a first amended complaint.  (ECF No. 22.)  On February 10, |
| 7 | 2017, the Court issued another OSC this time threatening dismissal of the action for Plaintiff's |
| 8 | failure to prosecute and timely file her first amended complaint.  Counsel filed a declaration in |
| 9 | response to the OSC explaining the failure to file the first amended complaint was due solely to |
| 10 | her error and asked that the Court sanction her as Plaintiff's Counsel rather than penalizing |
| 11 | Plaintiff by dismissing the case.  (ECF No. 25.)  The Court agreed with Counsel and imposed |
| 12 | sanctions in the amount of $250.  On February 21, 2017, the Court doubled the amount of |
| 13 | sanctions to $500 because Counsel failed to timely pay.  (ECF No. 30.)  Counsel submitted |
| 14 | another declaration on May 8, 2017, explaining that she suffered from medical issues that |
| 15 | impaired her ability to timely file and after her own medical issues were resolved her mother and |
| 16 | stepfather started having health problems.  (ECF No. 31 ¶¶ 3–5.)  Counsel asked for a "couple |
| 17 | days" to get her schedule in order.  (ECF No. 31 ¶ 6.)  The Court was sympathetic to Counsel's |
| 18 | plight and allotted her 14 days to pay sanctions and 21 days to notify the court of her compliance. |
| 19 | Counsel has now failed to timely pay her sanctions or notify the Court of her compliance. |
| 20 | The Court acknowledges the difficulties Counsel has faced over the past few months.  While |
| 21 | sympathetic, Counsel's repeated failure to meet deadlines creates serious concerns about her |
| 22 | ability to adequately represent her client.  The Court hopes that by outlining the entire situation as |
| 23 | it appears to the Court, Counsel will understand the seriousness of her failures.  The Court has |
| 24 | repeatedly reminded Counsel that her failures may ultimately affect her client's case, but Counsel |
| 25 | continues to miss deadlines and unnecessarily delay this action.  As such, the Court sees no other |
| 26 | option at this point than to issue an OSC as to why Counsel should not be held in Civil Contempt |
| 27 | of Court. |
| 28 | /// |

The Court hereby ORDERS as follows:

1. Plaintiff's Counsel is ORDERED to SHOW CAUSE in writing no later than June 15, 2017, as to why she should not be held in civil contempt of Court for repeated failures to adhere to this Court's orders on deadlines for briefing and sanctions.
2. Plaintiff's Counsel is further ordered to pay her outstanding $500 sanctions by June 15, 2017.

IT IS SO ORDERED.

Dated: June 1, 2017

Troy L. Nunley
United States District Judge