UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE ANN CLARK,<br><br>Plaintiff,<br><br>v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>Defendant. | No. 2:16-cv-2252 TLN DB<br><br><br><br>ORDER |

This action came before the court on May 18, 2018, for hearing of defendant's motion to compel. (ECF No. 42.) Attorney Robin Coker appeared telephonically on behalf of the plaintiff. Attorney Brian O'Conner appeared in person on behalf of the defendant.

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, IT IS HEREBY ORDERED that:

1. Defendant's April 6, 2018 motion to compel (ECF No. 42) is granted;

2. Within twenty-one days of May 18, 2018 hearing, plaintiff shall provide defendant full, verified, and complete responses to defendant's interrogatories and requests for production of documents[1]; and

---

[1] With respect to defendant's requests for admission, the parties are advised that the "[f]ailure to timely respond to requests for admissions results in automatic admission of the matters requested.

1

3. Within twenty-one days of the May 18, 2018 hearing, plaintiff's attorney shall pay defendant $2,430 in sanctions.[2]

Dated: May 21, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\clark2252.oah.051818

---

No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citation omitted); see also In re Pacific Thomas Corporation, 715 Fed. Appx. 778, 779 (9th Cir. 2018) ("Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a response to the request within thirty days; the opposing party does not have to file a motion to deem the matter admitted."). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ. P. 36(b)). In this regard, plaintiff is advised that the "proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b) to withdraw admissions." Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000) (quotation omitted); see also In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) ("a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)").

[2] This cost is solely the responsibility of plaintiff's counsel and shall not be borne by the plaintiff.

2