UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE ANN CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>    Defendant. | No. 2:16-cv-2252 TLN DB<br><br>ORDER |

Plaintiff—represented by attorneys Robbin Coker and Robert McCann—alleges that her home was insured by defendant at the time the home caught fire, and that defendant conducted a fraudulent investigation into plaintiff's insurance claim. (ECF No. 7 at 1.) On April 6, 2018, defendant filed a motion to compel alleging that plaintiff completely failed to respond to discovery and failed to respond to attempts to meet and confer. (ECF No. 42-1 at 2.) On May 17, 2018, plaintiff's counsel Robbin Coker filed an untimely response to defendant's motion. (ECF No. 44.)

Attorney Coker's response stated, in part:

> Plaintiff, by and through her attorney, does not object to an order compelling the responses to Request for Production of Documents and the Interrogatories propounded by Defendant, Horace Mann Insurance Company. Plaintiff agrees to serve written responses on Defendants within ten days of the court['s] order or at any other time

1

> the court deems reasonable and just. Plaintiff has already provided counsel with Responses to said Requests and several hundred pages of documents related to her claim against Defendant Horace Mann Insurance Company. Plaintiff's counsel agrees to produce said responses and the documents related thereto without objection.

(Id. at 1-2.) The matter came before the undersigned on May 18, 2018, for hearing of defendant's motion to compel pursuant to Local Rule 302(c)(1). (ECF No. 45.) Attorney Robbin Coker appeared telephonically on behalf of the plaintiff. Attorney Brian O'Conner appeared in person on behalf of the defendant.

On May 22, 2018, the undersigned issued an order granting defendant's motion to compel, ordering plaintiff to provide defendant discovery responses within twenty-one days, and ordering plaintiff's counsel to pay defendant $2,430 in sanctions within twenty-one days. (ECF No. 46.) On July 17, 2018, defendant filed a motion for sanctions due to plaintiff's failure to comply with the May 22, 2018 order.[1] (ECF No. 47.) That motion sought terminating and/or evidentiary sanctions, as well as an additional $2,940 in monetary sanctions. Nonetheless, plaintiff failed to file any response to defendant's motion.

Accordingly, on July 31, 2018, the undersigned issued to plaintiff an order to show cause. (ECF No. 48.) Plaintiff was ordered to show cause in writing within fourteen days. Plaintiff's counsel were also ordered to serve a copy of the order on the plaintiff and file proof of service with the court. Moreover, plaintiff was to file a statement of opposition or non-opposition on or before August 31, 2018. (Id. at 2.) Plaintiff's counsel failed to respond to that order in any manner.

On August 28, 2018, the undersigned issued to plaintiff's attorneys—Robbin Coker and Robert McCann—another order to show cause. (ECF No. 49.) The order also ordered plaintiff's counsel to pay defendant an additional sanction of $2,940. (Id. at 3.) Therein, the undersigned

---

[1] The court's research reveals that, according to the California State Bar's website, on July 3, 2018, attorney Robbin Coker was no longer "Eligible to Practice Law in California" as a result of "Suspended, failed to pay Bar member Fees." Attorney Coker's status was returned to active on August 24, 2018. See http://members.calbar.ca.gov/fal/Licensee/Detail/179196. Local Rule 184(b) provides that "[a]n attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall promptly notify the Court of . . . any change in status in any jurisdiction that would make the attorney . . . ineligible to practice in this Court."

2

noted that plaintiff's attorney Robbin Coker has repeatedly failed to diligently prosecute this action and comply with the court's orders since its inception. See ECF Nos. 12, 16, 24, 26, 29, 30, 33. Although attorney Coker associated with Attorney McCann, purportedly to "ensure that this matter is handled expeditiously," neither attorney Coker nor attorney McCann complied with the undersigned's May 22, 2018, or July 31, 2018 orders. (ECF No. 36 at 2.)

On September 14, 2018, attorney McCann filed an untimely response to the August 28, 2018 order to show cause. (ECF No. 49.) Attorney McCann's response asserts that "[p]laintiff has responded in full without objection" with respect to defendant's "Request for Production," and "Interrogatories[.]" (Id. at 1.) Attorney McCann's response does not address the failure of plaintiff's counsel to pay defendant the outstanding monetary sanctions.

Moreover, on September 18, 2018, defendant filed a supplemental reply. (ECF No. 53.) Included as exhibits to the reply are copies of plaintiff's discovery responses. Those responses are dated September 13, 2018—which represents a blatant failure to comply with the undersigned's May 22, 2018 order. (ECF No. 46; ECF No. 53 at 7, 13.)

And plaintiff's response to defendant's request for production of documents is not without objection and apparently failed to result in plaintiff producing any documents to defendant. (ECF No. 53 at 11.) Attorney Coker's May 17, 2018 declaration to the court stated, under penalty of perjury, that plaintiff had "already provided counsel with Responses to said Requests" and agreed "to produce said responses and the documents related thereto without objection." (ECF No. 44 at 1-2.)

The Ninth Circuit has

> constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

////

Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotation omitted).  If it was not previously clear to plaintiff and plaintiff's counsel, they are hereby warned about the possibility of case-dispositive sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Attorney Robbin Coker and attorney Robert McCann, along with counsel for defendant, shall appear in person on **Friday, October 26, 2018,** at **10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. At the October 26, 2018 hearing, the parties shall be prepared to discuss: (1) whether plaintiff has complied with all prior orders of the court; (2) whether plaintiff has produced all outstanding discovery without objection; (3) whether plaintiff's counsel has paid all outstanding sanctions[2]; and (4) what further sanctions, including possibly dispositive sanctions, are appropriate[3];

3. On or before **October 19, 2018**, defendant shall file an updated status report regarding the status of outstanding discovery and monetary sanctions; and

4. Attorneys Coker and McCann are cautioned that the failure to appear at the October 26, 2018 hearing or to timely comply with this order may result in an order imposing an appropriate sanction.  See Local Rules 110 and 183.

Dated:  October 5, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\clark2252.osc.hrg

---

[2] Plaintiff's counsel are reminded that the cost of those sanctions is to be borne solely by plaintiff's counsel and not passed along to plaintiff.

[3] The undersigned has already determined, based on the facts recounted above, that some further sanction is appropriate and will not entertain argument to the contrary as to that issue.

4