UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE ANN CLARK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 2:16-cv-2252 TLN DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, represented by attorneys Robbin Coker and Robert McCann, alleges that her home was insured by the defendant at the time the home caught fire, and that the defendant conducted a fraudulent investigation into plaintiff's insurance claim. (Am. Compl. (ECF No. 27) at 3.[1]) The matter came before the undersigned on November 2, 2018, for a status conference to discuss plaintiff's repeated failure to prosecute this action and to comply with the orders of this court. (ECF No. 58.) Attorney Robert McCann appeared on behalf of the plaintiff. Attorney John Cotter appeared on behalf of the defendant. No appearance was made by attorney Robbin Coker, in violation of the undersigned's October 5, 2018 order. (ECF No. 54.) For the reasons set forth below, the undersigned recommends the imposition of terminating sanctions.

---

[1] Page number citations such as this one, are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**LEGAL STANDARD**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure "authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order[.]" Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014). The severity of a terminating sanction is such that only "'willfulness, bad faith, and fault' justify" imposing a terminating sanction. Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). However, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.'" Jorgensen, 320 F.3d at 912 (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)); see also Sanchez, 298 F.R.D. at 463 ("wrongful intent" not necessary to finding of willfulness, bad faith, or fault).

The Ninth Circuit has

> constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (quotation omitted). "While the district court need not make explicit findings regarding each of these factors, a finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006) (citations omitted).

"Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). Moreover, "[d]ismissal is appropriate where a 'pattern of deception and discovery abuse made it impossible' for the district court to conduct a trial 'with any reasonable assurance that the truth would be available.'" Valley

////

Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057-58 (9th Cir. 1998) (quoting Anheuser–Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 352 (9th Cir. 1995)).

**PROCEDURAL BACKGROUND**

The failure of plaintiff's counsel to prosecute this action and to comply with the orders of this court began, essentially, as soon as this action was removed to this court. In this regard, defendant removed this action from the Sacramento County Superior Court on September 22, 2016. (ECF No. 1.) The assigned District Judge issued plaintiff's first order to show cause on November 7, 2016, due to plaintiff's failure to file a timely opposition or statement of non-opposition to a pending partial motion to dismiss. (ECF No. 12.) Pursuant to that order, plaintiff was to show cause in writing no later than November 14, 2016, and file an opposition or statement of non-opposition by November 23, 2016. (Id.)

Attorney Coker filed a response on November 16, 2016. (ECF No. 13.) Therein, attorney Coker explained that the failure was due to a calendaring error and "an ongoing personal medical issue." (Id. at 2.) Attorney Coker stated, "I can assure the court that I will be more diligent in the future in meeting filing deadlines." (Id.) That same day the assigned District Judge discharged the order to show cause. (ECF Nos. 15.)

However, attorney Coker failed to file an opposition or statement of non-opposition by November 23, 2016. Accordingly, the assigned District Judge issued a second order to show cause on November 29, 2016. (ECF No. 16.) Attorney Coker filed a response on December 5, 2016. (ECF No. 18.) Therein, attorney Coker again claimed that an "ongoing medical condition" contributed to the failure to prosecute and comply with the court's order. (Id. at 2.) On December 6, 2016, the assigned District Judge discharged plaintiff's second order to show cause and provided plaintiff a final opportunity to oppose defendant's partial motion to dismiss. (ECF No. 19.) Plaintiff filed a statement on non-opposition on December 29, 2016. (ECF No. 20.)

On January 5, 2017, the assigned District Judge issued an order granting defendant's partial motion to dismiss. (ECF No. 22.) That order also granted plaintiff thirty days to file an amended complaint. (Id.) Plaintiff, however, failed to file an amended complaint. Accordingly, on February 10, 2017, the assigned District Judge issued plaintiff a third order to show cause as to

why this action should not be dismissed due to plaintiff's failure to prosecute. (ECF No. 24.) Plaintiff was ordered to file a response within fourteen days. (Id.) Attorney Coker filed a response sixteen days later, on February 26, 2017. (ECF No. 25.)

Therein, attorney Coker again blamed the failure to comply on a calendaring error. (Id. at 2.) On February 27, 2017, the assigned District Judge issued an order stating:

> The Court is in receipt of Plaintiff's Counsel's declaration in response to this Court's Order to Show cause why the case should not be dismissed for failure to prosecute (ECF No. 24 ). Plaintiff's Counsel explained that she failed to calendar the due date for the amended complaint and asked that Plaintiff not be penalized for her mistake. The Court notes that Plaintiff's Counsel gave this exact same excuse when the Court issued an order to show cause regarding her failure to timely file an opposition to Defendant's motion to dismiss (ECF No. 13 ). The excuse was poor the first time and is unacceptable for a second time. Per Counsel's request, the Court hereby SANCTIONS Plaintiff's Counsel in the amount of $250 rather than penalize Plaintiff for her Counsel's failure. However, as Plaintiff's representative before this court, Counsel should be aware that her repeated failure to comply with deadlines or progress this case forward could negatively impact Plaintiff's case in the future.

(ECF No. 26.)

On March 8, 2017, plaintiff filed an amended complaint. (ECF No. 27.) On March 30, 2017, the assigned District Judge issued an order noting that plaintiff had not paid the $250 sanction ordered on February 27, 2017. (ECF No. 29.) Attorney Coker was ordered to personally pay the sanction within fourteen days, advised that failure to do so would result in the doubling of the sanction, and ordered to file a declaration of compliance within twenty-one days. (ECF No. 29.) Attorney Coker failed to respond to that order in any way.

Accordingly, on April 21, 2017, the assigned District Judge issued another order. (ECF No. 30.) That order ordered attorney Coker to pay a $500 sanction within fourteen days and to file a declaration of compliance within twenty-one days. (ECF No. 30.) On May 8, 2017, attorney Coker filed a response, blaming the failure to comply on "ongoing medical and family related issues[.]" (ECF No. 31 at 1.) The following day, the assigned District Judge issued an order granting attorney Coker an additional fourteen days to comply with the order to pay the $500 sanction. (ECF No. 32.)

////

Attorney Coker, however, again failed to respond to the court's order in any way. Accordingly, on June 1, 2017, the assigned District Judge issued an order outlining attorney Coker's history of noncompliance. (ECF No. 33.) The order explained,

> The Court acknowledges the difficulties Counsel has faced over the past few months. While sympathetic, Counsel's repeated failure to meet deadlines creates serious concerns about her ability to adequately represent her client. The Court hopes that by outlining the entire situation as it appears to the Court, Counsel will understand the seriousness of her failures. The Court has repeatedly reminded Counsel that her failures may ultimately affect her client's case, but Counsel continues to miss deadlines and unnecessarily delay this action. As such, the Court sees no other option at this point than to issue an OSC[2] as to why Counsel should not be held in Civil Contempt of Court.

(Id. at 2.)

On June 15, 2017, attorney Coker filed a declaration of compliance regarding the payment of the $500 sanction. (ECF No. 36.) Therein, attorney Coker explained that attorney Robert E. McCann had filed an Association of Counsel "to ensure that this matter is handled expeditiously should future unanticipated medical emergencies . . . arise." (Id.) On June 19, 2017, the assigned District Judge discharged the June 1, 2017 order to show cause. (ECF No. 37.)

On April 6, 2018, defendant filed a motion to compel alleging that plaintiff completely failed to respond to discovery and failed to respond to attempts to meet and confer. (ECF No. 42-1 at 2.) On May 17, 2018, attorney Coker filed an untimely response to defendant's motion. (ECF No. 44.)

Attorney Coker's response stated, in part:

> Plaintiff, by and through her attorney, does not object to an order compelling the responses to Request for Production of Documents and the Interrogatories propounded by Defendant, Horace Mann Insurance Company. Plaintiff agrees to serve written responses on Defendants within ten days of the court[']s order or at any other time the court deems reasonable and just. Plaintiff has already provided counsel with Responses to said Requests and several hundred pages of documents related to her claim against Defendant Horace Mann Insurance Company. Plaintiff's counsel agrees to produce said responses and the documents related thereto without objection.

---

[2] Plaintiff's fourth order to show cause.

5

(Id. at 1-2.)  The matter came before the undersigned on May 18, 2018, for hearing of defendant's motion to compel pursuant to Local Rule 302(c)(1).  (ECF No. 45.)  Attorney Coker appeared telephonically on behalf of the plaintiff.  Attorney Brian O'Conner appeared in person on behalf of the defendant.

On May 22, 2018, the undersigned issued an order granting defendant's motion to compel. (ECF No. 46.)  Pursuant to that order, within twenty-one days plaintiff was to provide defendant discovery responses and pay defendant $2,430 in sanctions.  (Id. at 1.)  The order also advised the parties that plaintiff's failure to timely respond to defendant's requests for admission resulted in the automatic admission of the matters requested.  (Id. at 1-2.)

On July 17, 2018, defendant filed a motion for sanctions due to plaintiff's failure to comply with the May 22, 2018 order.[3]  (ECF No. 47.)  According to defendant's motion, despite attorney Coker's representation to the court, plaintiff never provided defendant with "Responses to said requests" or "several hundred pages of documents related to her claim[.]"  (ECF No. 47-1 at 6.)  And attorney Coker had failed to pay the $2,430 in monetary sanctions.  (Id. at 13.) Defendant's motion sought terminating and/or evidentiary sanctions, as well as an additional $2,940 in monetary sanctions.  Despite the seriousness of the allegations contained in defendant's motion and the relief sought, attorneys Coker and McCann failed to respond to the motion in any manner.

Accordingly, on July 31, 2018, the undersigned issued to plaintiff a fifth order to show cause. (ECF No. 48.)  Pursuant to that order, plaintiff was to show cause in writing providing good cause for plaintiff's conduct, was to serve a copy of the order on the plaintiff, and file proof of service with the court.  (Id. at 2.)  Plaintiff was also ordered to file a statement of opposition or

---

[3] The undersigned's research reveals that, according to the California State Bar's website, on July 3, 2018, attorney Coker was no longer "Eligible to Practice Law in California" as a result of "Suspended, failed to pay Bar member Fees."  Attorney Coker's status was returned to active on August 24, 2018.  See http://members.calbar.ca.gov/fal/Licensee/Detail/179196.  Local Rule 184(b) provides that "[a]n attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall promptly notify the Court of . . . any change in status in any jurisdiction that would make the attorney . . . ineligible to practice in this Court."  In this regard, it appears attorney Coker may have violated Local Rule 184(b) by failing to notify the court of her change in status.

non-opposition to defendant's motion on or before August 17, 2018. (Id. at 2.) Once again, attorneys Coker and McCann complete ignored that order.

On August 28, 2018, the undersigned issued to attorneys Coker and McCann yet another order to show cause—plaintiff's sixth. (ECF No. 49.) The order directed attorneys Coker and McCann to show cause for their conduct within fourteen days, to serve a copy of the order on the plaintiff, to pay defendant an additional sanction of $2,940, and to comply with the undersigned's May 22, 2018 order. (Id. at 3.)

On September 14, 2018, attorney McCann filed an untimely response to the August 28, 2018 order to show cause. (ECF No. 49.) Therein, attorney McCann blamed the failure to respond on his "assistant" and represented to the court that "[p]laintiff has responded in full without objection" with respect to defendant's "Request for Production," and "Interrogatories[.]" (Id. at 1-2.) Attorney McCann's response did not address the failure of plaintiff's counsel to pay defendant the outstanding monetary sanctions. And attorney Coker did not respond to the court's order in any way.

On September 18, 2018, defendant filed a supplemental reply. (ECF No. 53.) Included as exhibits to the reply are copies of plaintiff's discovery responses. Those responses are dated September 13, 2018, which represents a blatant failure to comply with the undersigned's May 22, 2018 order. (See ECF No. 46; ECF No. 53 at 7, 13.) The responses were not verified, were not without objection— in contradiction to attorney McCann's representation to the court—and no documents were produced in response to defendant's request for production. (ECF No. 53 at 2, 11-13.) Moreover, attorney Coker's May 17, 2018 declaration to the court represented, under penalty of perjury, that plaintiff had "already provided counsel with Responses to said Requests" and agreed "to produce said responses and the documents related thereto without objection." (ECF No. 44 at 1-2.)

Accordingly, on October 5, 2018, the undersigned issued an order recounting the above history and ordering attorney Coker and attorney McCann to appear in person before the undersigned on October 26, 2018. (ECF No. 54 at 4.) The order cautioned attorneys Coker and McCann that the failure to appear could result in an order imposing an appropriate sanction and

that the undersigned was considering a terminating sanction. (Id. at 4.) On October 16, 2018, the undersigned continued the hearing to November 2, 2018. (ECF No. 55.)

On November 2, 2018, attorney McCann appeared on behalf of the plaintiff and attorney John Cotter appeared on behalf of the defendant. (ECF No. 58.) The parties informed the court that earlier that morning attorney McCann provided two checks to attorney Cotter, to satisfy the long outstanding monetary sanctions. Attorney McCann also provided an electronic storage device that purportedly contained outstanding discovery.

Attorney Coker failed to appear in direct violation on the undersigned's October 5, 2018 order. Attorney McCann represented that attorney Coker was out of state dealing with family matters and would need an additional thirty days to obtain the funds necessary to return to California. Despite having ample notice of the November 2, 2018 hearing attorney Coker filed nothing to explain or support her absence.

## ANALYSIS

As noted above,

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers Inc., 158 F.3d at 1057.

**I.    Prejudice**

Discovery in the action closed on September 3, 2018. (ECF No. 39 at 2.) It is unclear what, if any, discovery plaintiff has engaged in. It is clear that plaintiff has entirely obstructed defendant's ability to conduct meaningful discovery. And, because of plaintiff's failure to

////

participate in discovery and comply with the court's orders, it seems impossible to conduct a trial with any reasonable assurance that the truth would be available.

In this regard, defendant's discovery was served on plaintiff over a year ago. (ECF No. 47-2 at 18.) According to defendant, plaintiff has "completely failed to respond to all meet and confer attempts." (ECF No. 47-1 at 13.) It has been almost six months since the undersigned advised plaintiff that plaintiff's failure to timely respond to defendant's requests for admissions resulted in the automatic admission of the matters requested. (ECF No. 46 at 1-2.)

That order also advised plaintiff that "the 'proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b) to withdraw admissions.'" (Id. at 2) (quoting Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000)). Nonetheless, plaintiff has not moved to withdraw the deemed admissions. Plaintiff's deemed admissions include the admission that plaintiff has "no facts, documents and witnesses" in support of the claims found in the amended complaint. (ECF No. 47-2 at 17-18.)

And it has been over three months since the undersigned order plaintiff to provide defendant with 'full, verified, and complete responses to defendant's interrogatories and requests for productions of documents" within twenty-one days. (ECF No. 46 at 1.) Plaintiff repeatedly disregarded that order, filed false and misleading statements concerning compliance, and was repeatedly provided additional time to comply. As of the writing of this order, it remains unclear if plaintiff has fully complied with that order.

However, even if the electronic storage device provided on November 2, 2018, constituted a belated compliance, the prejudice prong is nonetheless satisfied. "Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1236 (9th Cir. 2006); see also Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997) ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy. We agree with the district court that the prejudice factor favors dismissal in this case.");

North American Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts.").

**II.     Less Drastic Sanctions**

Analysis of this factor "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Valley Engineers Inc., 158 F.3d at 1057. As demonstrated from the procedural background recounted above, it is undisputed that the court discussed alternative sanctions, tried alternative sanctions, and warned plaintiff about the possibility of dismissal.

This court issued plaintiff multiple orders to show cause and provided multiple extensions of time to allow plaintiff's compliance. After plaintiff ignored those measure, only then did the court move to issuing monetary sanctions. Monetary sanctions, however, also failed change plaintiff's behavior. Again, plaintiff ignored and violated the orders of this court and misled the court regarding compliance with its orders. In a last-ditch effort to avoid terminating sanctions, the undersigned ordered the appearance of plaintiff's counsel in an order that advised, "If it was not previously clear to plaintiff and plaintiff's counsel, they are hereby warned about the possibility of case-dispositive sanctions." (ECF No. 54 at 4.) In response, attorney McCann waited until the 11th hour to, perhaps, comply with the May 22, 2018 discovery order. And attorney Coker simply ignored the undersigned's order entirely.

Under these circumstances, the undersigned finds that this factor also weighs in favor of terminating sanctions.

CONCLUSION

The conduct of plaintiff's counsel would be unacceptable if engaged in by a pro se litigant. That it is the conduct of two licensed and experienced attorneys is offensive. The undersigned is cognizant of, and not unsympathetic to, the challenges posed by medical and familial matters. But attorney Coker's conduct has been unacceptable, even under such circumstances. And attorney McCann—who associated into this action over a year ago—has no

10

such excuses for his complete failure to respond to the court's orders.  Although attorneys Coker and McCann have offered up various excuses for their conduct, none of those excuses established that their disobedient conduct was outside their control.

Therefore, and for the reasons stated above, the undersigned finds that plaintiff's conduct is the result of willfulness, bad faith, and fault.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Terminating sanctions be entered against the plaintiff; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 9, 2018                      /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\clark2252.dism.sanc.f&rs